UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Arthur D'Amario, III,
    Petitioner

    v.                                  Case No. 06-ds-145-SM

United States of America,
    Respondent

**O R D E R**

Petitioner seeks, by writ of *error coram nobis*, to challenge his criminal conviction in the District of Rhode Island (United States v. D'Amario, No. 99-024), arguing that he is entitled to relief under the Rhode Island Constitution.  Petitioner has also filed a motion to proceed *in forma pauperis*, which motion is granted.

The writ of *coram nobis* is an "extraordinary remedy" which may be issued only when necessary "to achieve justice." United States v. Morgan, 346 U.S. 502, 511 (1954); see United States v. Michaud, 925 F.2d 37, 39 (1st Cir. 1991).  In general, the writ is not available to a petitioner when another statutory remedy exists.  See United States v. Barrett, 178 F.3d 34, 54 (1st Cir. 1999); see also Carlisle v. United States, 517 U.S. 416, 429 (1996).  Here, petitioner can challenge his conviction and

sentence and obtain the relief he seeks pursuant to 28 U.S. § 2255.  Barrett, 178 F.3d at 54-55; see Matus-Leva v. United States, 287 F.3d 758, 761 (9th Cir. 2002).

Petitioner correctly points out that he has already unsuccessfully filed petition(s) for relief under § 2255, and says, for that reason, relief is not available to him under § 2255.  In addition, it appears that he is now well past the applicable filing deadline.  But the unavailability of § 2255 relief in a specific case (e.g., because of the second or successive petition hurdle) does not mean that a petitioner can obtain similar or identical relief by writ of *error coram nobis* that could have been sought under § 2255 if properly invoked. See Barrett, 178 F.3d at 55 ("[t]he writ of coram nobis may not be used to circumvent the clear congressional directive embodied in the "second or successive" provisions of § 2255").

This petition appears to be facially no different from a successive petition for relief under § 2255, and, as such, petitioner will likely have to obtain leave from the court of appeals before he may pursue it.  See 28 U.S.C. §§ 2255, 2244(b)(3)(A).

2

Ordinarily this court would either dismiss the petition or transfer it to the court of appeals for consideration as a second or successive petition under § 2255. But I am given some pause by this petitioner's history. The undersigned was designated to preside over the criminal conviction petitioner is challenging in this case, after the district judges in Rhode Island, and, later, Judge DiClerico of this district, recused. All district judges in Rhode Island have again recused themselves from this civil matter, and, because I last presided over the challenged criminal case, it has been assigned to me.

I have examined the pertinent history and, although I do not think recusal is required, it is, nevertheless, appropriate. Since the challenged conviction, petitioner has also been convicted, in a separate case, of criminally threatening Judge DiClerico. His supervised release terms in each case expose him to similar sanctions. I previously recused myself in a combined supervised release violation case involving petitioner, because my colleague, Judge DiClerico, was directly involved as a victim. In this civil matter, petitioner's main claim is that provisions of the Rhode Island Constitution entitle him to relief from his federal conviction and sentence. But, he also invokes alleged errors by Judge DiClerico, and, given the close relationship

between this case and petitioner's criminal threatening case, he and the public would be better served by having the matter presented to a district judge who is not a colleague on the same court as Judge DiClerico.

Accordingly, I recuse myself.  As the other judges are also recusing, the case will be transferred to the District of Maine.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

May 1, 2006

cc:  Arthur D'Amario, III, *pro se*
     Clerk, U.S. District Court, RI
     Clerk, U.S. District Court, ME